**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Jeffery Kosiba,** | ) | **CASE NO. 1:09 CV 2276** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Gerald E. Fuerst, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**Introduction**

This matter is before the Court upon Defendants Fuerst and Mason's Motion for

Judgment on the Pleadings (Doc. 10). This is a § 1983 action arising out of an alleged false

entry on a public record.   For the following reasons, the motion is GRANTED.

**Facts**

Plaintiff, Jeffrey J. Kosiba, sued defendants, Gerald E. Feurst and Bill Mason.  John

Does 1-5 were also named as defendants, but have not been identified.  Fuerst is the Clerk of

Courts for the Cuyahoga County Court of Common Pleas and Mason is the Cuyahoga County

Prosecutor. The First Amended Complaint alleges the following.

In August 1995, plaintiff plead guilty in the Cuyahoga County Common Pleas Court

1

to attempted burglary.  Around the fall of 2001, plaintiff learned that defendants "caused the indictment and subsequent conviction of 'attempted burglary' to be changed falsely to reflect on official records of Cuyahoga County that plaintiff was indicted and convicted for 'felonious sexual penetration.' "  Additionally, plaintiff's name falsely appeared on the Cuyahoga County list as a registered sex offender.  This caused plaintiff to suffer economic losses and, *inter alia,* embarrassment. On December 11, 2001, as a result of plaintiff's efforts, Cuyahoga County Common Pleas Court Judge Richard McMonagle issued an Order stating that "all references to attempted felonious sexual penetration on any pleadings in this case are in error and must be deleted."  Plaintiff relied on this and believed defendants would abide by the Order and delete all references to attempted felonious sexual penetration.

In the summer of 2008, plaintiff learned that the Order was not being complied with and he brought his concerns to the Cuyahoga County Prosecutor's Office who falsely assured plaintiff that the Order was being followed. As recently as March 2009, defendants' conduct has caused plaintiff to be rejected from employment opportunities and other damages proximately flowing from being branded falsely as a registered sex offender.

The First Amended Complaint sets forth two claims.  Count One alleges a § 1983 violation.  Count Two alleges a § 1985 violation.  Following the filing of the motion pending before this Court, plaintiff dismissed Count Two.

This matter is now before the Court upon Defendants Fuerst and Mason's Motion for Judgment on the Pleadings.

**Standard of Review**

A motion for judgment on the pleadings is brought pursuant to Rule 12(c) of the

Federal Rules of Civil Procedure.  Granting of the motion is appropriate where the moving

party "is entitled to judgment as a matter of law." When deciding the motion, this Court must

take all the "well-pleaded material allegations of the pleadings of the opposing party" as true.

*Cincinnati Ins. Co. v. Beazer Homes Investments, LLC,* --- F.3d ----, 2010 WL 374735 (6th

Cir. February 4, 2010)(citing *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th

Cir.2006)).

### **Discussion**

Defendants argue that the §1983 claim is barred by the statute of limitations. Plaintiff

argues that the claim is timely. For the following reasons, the Court agrees that the §1983

claim is time-barred.

A two-year statute of limitations applies to § 1983 actions arising in Ohio.  *Nader v.*

*Blackwell,* 545 F.3d 459 (6th Cir. 2008) (citing *Browning v. Pendleton*, 869 F.2d 989 (6th

Cir.1989).  "The question of when the statute of limitations beings to run is governed by

federal law." *Hodge v. City of Elyria*, 126 Fed.Appx. 222 (6th Cir. 2005) (citing *Ruff v.*

*Runyon*, 258 F.3d 498, 500 (6th Cir.2001) and *Wilson v. Garcia*, 471 U.S. 261, 268-71

(1985)). "Under federal law the statute begins to run when plaintiffs knew or should have

known of the injury which forms the basis of their claims." *Id.*   The Sixth Circuit recognizes

that this Court must "look at when the harm in question occurred, guided by the principle that

'a plaintiff has reason to know of his injury when he should have discovered it through the

exercise of reasonable diligence.' " *Id.* (citations omitted).

Defendants assert that the First Amended Complaint establishes that the injury giving

rise to plaintiff's claim occurred in the fall of 2001 when plaintiff became aware of the false

entry on the record, and plaintiff knew about his injury at that point.  Plaintiff contends that

the First Amended Complaint shows that although he knew about the injury in 2001, he

believed that defendants would abide by Judge McMonagle's Order and delete all references

to "attempted felonious sexual penetration."  On this basis, plaintiff asserts, he first knew or

should have known of the injury which is the basis of his claim in the summer of 2008 when

he discovered that the Order was not being complied with.  Plaintiff contends that

> a reasonable person similarly situated to plaintiff would have reasonably *relied* on
> Court of Common Pleas' order ordering defendants to correct their unconstitutional
> acts as alleged in the Complaint.  At *that* point in time, plaintiff's damages were
> nominal, and as pointed out by defendants, plaintiff even took reasonable steps to
> cause the error to be corrected.  But, at last, in around the summer 2008, plaintiff
> ultimately discovered the order was not being complied with, the triggering date
> giving rise to his injuries.

(Doc. 14 at 1-2).  This Court is not persuaded.

The First Amended Complaint clearly alleges that plaintiff learned in the fall of 2001

that defendants caused his indictment to be changed falsely and his name to appear on the

County's list of registered sex offenders.  This caused plaintiff to suffer "economic losses,

actual damages to be determined at trial, and other incidental damages, great mental anguish,

embarrassment, loss of dignity...  For example, plaintiff's girlfriend ended their relationship

as a direct and proximate result of defendants falsely branding plaintiff as a registered sex

offender."  (First Am. Compl. ¶ 15) Consequently, plaintiff "employed his best efforts to

correct the errors."  (*Id.*  ¶ 16) Plaintiff alleges that defendants' actions were intentional.

Based on plaintiff's own allegations, he knew or should have known of his injury at that

point.  *See Hodge, supra* (Regardless of whether the plaintiff realized the "precise nature or

extent of his physical injuries" at the time of his arrest, or not until later, the constitutional

injury resulted on the date of his arrest when the officers allegedly used excessive force.")

Although plaintiff later allegedly learned that defendants were not complying with the Order to delete the false entries, he became aware of his constitutional violation in 2001 when defendants' intentional conduct resulted in the false entries.  In fact, plaintiff alleges that he suffered damages in 2001, although he now asserts that they were "nominal."

For these reasons, the cause of action accrued in 2001.  This action was not filed until 2009.  Therefore, it is barred by the two year statute of limitations.

**<u>Conclusion</u>**

For the foregoing reasons, Defendants Fuerst and Mason's Motion for Judgment on the Pleadings is granted.

IT IS SO ORDERED.


    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated:   2/16/10